UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **MARCUS TECHNOLOGIES, LLC** | **CIVIL ACTION NO.** |
| **VERSUS** | **21-103-BAJ-EWD** |
| **BATON ROUGE SHRIMP COMPANY, INC., ET AL.** | |

**NOTICE AND ORDER**

On February 18, 2021, Marcus Technologies, LLC ("Plaintiff") filed a civil action against Baton Rouge Shrimp Company, Inc. d/b/a Advanced Cold Storage ("BRSC") and Kinsale Insurance Company ("Kinsale") (collectively, "Defendants"), alleging, among other things, that Plaintiff sustained damages as a result of BRSC's breach of the parties' agreement relating to the repackaging of 80,000 pounds of beef trim.[1] Plaintiff asserts that this Court has jurisdiction under 28 U.S.C. § 1332.[2] As the Complaint specifically alleges that the amount in controversy "exceeds seventy-five thousand dollars," and as Plaintiff alleges the beef trim was contracted to be sold for approximately $148,000, it appears that the amount in controversy is met.[3] However, citizenship has not adequately alleged with respect to the parties. Paragraph II of the Complaint alleges the citizenship of the parties as follows: "None of the members of Marcus Technologies reside in

---

[1] R. Doc. 1. Specifically, Plaintiff, a "protein trading and logistics company," claims that it sent 80,000 pounds of beef trim to BRSC, which "purports to be a state-of-the-art cold storage facility," for repackaging and blast freezing, so it could be delivered to a purchaser with whom Plaintiff contracted to sell the beef trim ("Plaintiff's Buyer"). R. Doc. 1, ¶¶ I – XXI. Plaintiff claims it paid several invoices from BRSC related to its repackaging of the beef trim. *Id.* However, Plaintiff's Buyer rejected the beef trim because "the containers [from BRSC] were not marked with the USDA seal." *Id.* Plaintiff further alleges that BRSC lost its USDA certification "several years ago" and was not in fact USDA certified at all relevant times. *Id.* Plaintiff claims that the beef trim had to be relabeled "inedible" and sold as pet food, "at a significant loss to [Plaintiff]," because BRSC "handled food grade meat without proper licensure." *Id.*
[2] *Id.* at ¶ II.
[3] *Id.* Plaintiff alleges that it "contracted to sell the 80,000 lbs. of packaged beef trim to a buyer [for human consumption] for $1.85/lb.," which totals $148,000. R. Doc. 1, ¶¶ XI. However, Plaintiff alleges that it sold the beef trim "in two orders to a dog food producer at a significant loss" because of BRSC's mishandling of the beef trim. *Id.* at ¶ XIX.

Louisiana, ACS is a Louisiana corporation, and Kinsale is domiciled in Virginia so the parties are completely diverse."[4]

For purposes of diversity jurisdiction, "the citizenship of a limited liability company is determined by the citizenship of all of its members."[5] The members of an LLC must be specifically identified.[6] Negative allegations of citizenship, *i.e.*, "none of the members are citizens of Louisiana," are insufficient, as citizenship must be affirmatively alleged.[7] Thus, to properly allege the citizenship of a limited liability company, a party must identify each of the members of a limited liability company, and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c).[8] The same requirement applies to any member of a limited liability

---

[4] R. Doc. 1, ¶ II.
[5] *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).
[6] *Nunez v. ACE Am. Ins. Co.,* No. 17-1593, 2017 WL 6997341, at *4 (M.D. La. Dec. 28, 2017), *report and recommendation adopted,* No. 17-1593, 2018 WL 493398 (M.D. La. Jan. 16, 2018) ("Without setting forth each member of USAL Holdings, LLC distinctly, and alleging the citizenship of such member in accordance with the rules applicable to that particular member, the court is unable to determine whether federal subject matter jurisdiction exists. Though USAL previously argued it is not required to distinctly identify the members of USAL Holdings, LLC, the weight of authority on that issue is to the contrary. See*, Cavender Enterprise Leasing Family, LLC v. First States Investors 4200 LLC*, No. 10-1667, 2011 WL 3664563, at **1 & 3 (W.D. La. July 21, 2011) (explaining that "simply because Delaware does not require limited liability companies to disclose their membership does not relieve plaintiff of its burden to properly allege diversity jurisdiction" and finding that "plaintiff has failed to affirmatively identify the LLC's, limited partnerships, and real estate investment trusts that comprise the membership of First States, or the members and citizenship of these undisclosed entities. Instead, plaintiff alleges that none of these members have a principal place of business in Tennessee, and that they are ultimately owned by a corporation."); *BNSF Logistics, LLC v. Energo, LLC*, No. 15-2694, 2015 WL 12731754, at *1 (N.D. Tex. Aug. 31, 2015) ("Because BNSF and Energo are alleged to be limited liability companies, BNSF must identify and properly allege the citizenship of all members of BNSF and Energo. Until BNSF identifies and alleges the citizenship of all of its members and of all members of Energo, this court is not shown to have subject matter jurisdiction.") (internal citations omitted); *Sourcing Management, Inc. v. Simclar, Inc.*, No. 14-2552, 2015 WL 2212344, at *3 (N.D. Tex. May 12, 2015) ("Plaintiff fails to allege the names or citizenship of Balmoral's members that are required as a matter of law to plead the citizenship of a limited liability company."). *See also Gabler v. HA Housing, LP*, No. 12-02671, 2012 WL 4856734, at 2 (D. Colo. Oct. 12, 2012) ("By failing to specifically identify the citizenship and name of each of its members and those of Kier, defendant fails to establish complete diversity."). *See also Advocate Fin., L.L.C. v. Maher,* No. 10-24, 2010 WL 2522636, at *2 (M.D. La. June 15, 2010) (Plaintiff must identify each member of the defendant law firm limited liability company and allege their individual citizenships, *citing Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008)).
[7] *Truxillo v. American Zurich Ins. Co*., 2016 WL 6987127, at *6 (M.D. La. Oct. 24, 2016) (*citing Constance v. Austral Oil Explorations Co., Inc.,* 2013 WL 495779, at *3 (W.D. La. Feb. 3, 2013)). "When jurisdiction is based on diversity, we adhere strictly to the rule that citizenship of the parties must be 'distinctly and affirmatively alleged." *Mullins v. Testamerica, Inc*., 300 Fed. Appx. 259, 259 (5th Cir. 2008) (*quoting Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988).
[8] *Harvey*, 542 F.3d at 1080.

company which is also a limited liability company.[9] The Complaint does not contain sufficient allegations regarding Plaintiff's citizenship because it does not identify Plaintiff's members or their respective citizenships as required by 28 U.S.C. § 1332(a) and (c).[10]

Additionally, under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business…"[11] The Complaint does not adequately allege the principal place of business of BRSC,[12] nor does it adequately allege the place of incorporation and principal place of business of Kinsale.[13]

The Court *sua sponte* raises the issue of whether it may exercise jurisdiction in this matter, specifically whether there is complete diversity of citizenship among the parties.[14]

Accordingly,

**IT IS ORDERED** that **on or before March 16, 2021**, Plaintiff Marcus Technologies, LLC shall file a motion to amend its Complaint[15] with a proposed pleading that is a comprehensive amended Complaint (*i.e.*, includes all of Plaintiff's numbered allegations, as revised,

---

[9] *See Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

[10] To the extent Plaintiff's members are individuals rather than entities, which is implied by its use of "reside" in the Complaint, allegations of residency are not sufficient to establish the citizenship of an individual. Rather, "[f]or diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *See, Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974). Accordingly, to properly plead any individual member's citizenship, Plaintiff must affirmatively plead their domicile.

[11] *See also Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) ("In diversity cases involving corporation, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business for each corporation.").

[12] While the complaint states that BRSC is "a Louisiana corporation domiciled in Baton Rouge,) BRSC's principal place of business is not affirmatively alleged.

[13] While the Complaint states that Kinsale is a "foreign insurance domiciled in Virginia), it is not clear from the allegations of R. Doc. 1, ¶ I whether Kinsale's principal place of business is in Virginia, nor is the place of incorporation affirmatively alleged.

[14] *See McDonal v. Abbott Laboratories*, 408 F.3d 177, 182 n. 5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction *sua sponte*.").

[15] R. Doc. 1.

supplemented, and/or amended), which adequately alleges the citizenship of all parties, and which will become the operative Complaint in this matter without reference to any other document in the record.

The case will be allowed to proceed if jurisdiction is adequately established.

Signed in Baton Rouge, Louisiana, on March 9, 2021.

                                                **ERIN WILDER-DOOMES**
                                                **UNITED STATES MAGISTRATE JUDGE**