UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**MARCUS TECHNOLOGIES, LLC**          **CIVIL ACTION**

**VERSUS**                             **NO. 21-103-BAJ-EWD**

**BATON ROUGE SHRIMP COMPANY, INC., ET AL.**

### ORDER

Before the Court is an Ex Parte Motion to Withdraw as Attorneys of Record.[1] Attorneys John Michael Parker, Brett P. Furr, and Savannah W. Smith, of Taylor, Porter, Brooks & Phillips L.L.P., seek to withdraw as counsel for Defendant and Third-Party Plaintiff, Baton Rouge Shrimp Company, Inc. ("BSCI"). Because BSCI is a corporate entity, it cannot represent itself in this suit. Accordingly, the Motion to Withdraw will be set for hearing and a corporate representative of Baton Rouge Shrimp Company, Inc. ordered to be present to discuss how this case will proceed if counsel is withdrawn.

"It has been the law for the better part of two centuries . . . that a corporation may appear in federal courts only through licensed counsel."[2] A "layperson may not represent a corporation, regardless of his relationship to the corporation."[3] "This is so even when the person seeking to represent the corporation is its president and major stockholder."[4] "[T]he appropriate measure for

---

[1] R. Doc. 55.
[2] *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993). *See Memon v. Allied Domecq QSR,* 385 F.3d 871, 873 (5th Cir. 2004), citing *Rowland*, 506 U.S. at 202 ("28 U.S.C. § 1654 authorizes individuals to appear in federal courts pro se, the statute is silent regarding corporations. The lack of authorization in § 1654 has been interpreted as barring corporations from appearing in federal court without an attorney.").
[3] *Roshan Associates Inc. v. Motiva Enterprises, L.L.C.*, 241 F. Supp. 2d 639, 641, n. 1 (E.D. La. Aug. 28, 2002), aff'd sub nom., *Roshan Associates Inc. v. Motiva Enterprises*, 66 Fed.Appx. 525 (5th Cir. 2003). *See also Donovan v. Road Rangers Country Junction, Inc.,* 736 F.2d 1004, 1005 (5th Cir. 1984) ("As we stated in *K.M.A., Inc. v. General Motors Acceptance Corp.,* 652 F.2d 398, 399 (5th Cir. 1982), the 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'").
[4] *F.M.D. Holdings, LLC v. Regent Fin. Corp.,* No. 20-269, 2021 WL 5883136, at *6 (N.D. Tex. Dec. 10, 2021), citing *In Re K.M.A.*, 652 F.2d at 399.

a judge to take when confronted with an unrepresented corporation is inherently discretionary."[5] The Court could "admonish the corporation that it cannot proceed without counsel, order the corporation to retain counsel within a certain period of time (the appropriate amount of time also being within the judge's discretion), or dismiss the case."[6] "Indeed, when a corporation declines to hire counsel to represent it, the court may properly dismiss its claims, if it is a plaintiff, or strike its defenses, if it is a defendant."[7]  However, as noted by the Fifth Circuit, "In virtually every case in which a district court dismissed the claims (or struck the pleadings) of a corporation that appeared without counsel, the court expressly warned the corporation that it must retain counsel or formally ordered it to do so before dismissing the case….Other courts have dismissed such cases without prejudice, allowing the corporation to re-file after acquiring a lawyer."[8]

**IT IS ORDERED** that the Ex Parte Motion to Withdraw as Attorneys of Record is **SET** for hearing before Magistrate Judge Erin Wilder-Doomes via Zoom on **June 20, 2023 at 10:00 a.m.** Participant instructions are attached.

**IT IS FURTHER ORDERED** that a corporate representative of Baton Rouge Shrimp Company, Inc. **SHALL APPEAR** at the June 20, 2023 hearing.

**IT IS FURTHER ORDERED** that the Clerk of Court serve a copy of this Order on Baton Rouge Shrimp Company, Inc. at 601 Neosho Avenue, Baton Rouge, LA 70802, by regular and by certified mail, return receipt requested.

---

[5] *Pipe Hitters Union, LLC v. Pipe Hitters Union MC, LLC,* No. 20-167, 2020 WL 10692700, at *1 (W.D. Tex. Apr. 27, 2020), citing *Memon*, 385 F.3d at 873.
[6] *F.M.D. Holdings, LLC*, 2021 WL 5883136, at *6, citing *Memon,* 385 F.3d at 873, n. 5.
[7]  *F.M.D. Holdings, LLC,* 2021 WL 5883136, at *6, citing *Donovan*, 736 F.2d at 1005 (holding that the district court properly struck the defenses of a corporate defendant that refused to hire counsel).
[8] *Memon,* 385 F.3d at 874 citing *Donovan,* 736 F.2d at 1005, *K.M.A., Inc.,* 652 F.2d at 399, and *e.g., Capital Group, Inc. v. Gaston & Snow,* 768 F. Supp. 264, 265–66 (E.D. Wis. 1991) (other citations omitted).  *See also Memon,* 385 F.3d at 874 (reversing dismissal with prejudice of the claims of an unrepresented corporation who had not been given a warning to retain counsel prior to the dismissal: "This court has consistently recognized 'that dismissal with prejudice is an extreme sanction that deprives a litigant of the opportunity to pursue his claim.'").

**Baton Rouge Shrimp Company, Inc. is advised that failure of a corporate representative to appear at the hearing as ordered may result in sanctions.**

Signed in Baton Rouge, Louisiana, on June 6, 2023.

                                        **ERIN WILDER-DOOMES**
                                        **UNITED STATES MAGISTRATE JUDGE**