UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARCUS TECHNOLOGIES, LLC                        CIVIL ACTION

VERSUS

BATON ROUGE SHRIMP
COMPANY, INC., ET AL.                            NO. 21-00103-BAJ-EWD

### RULING AND ORDER

This is a breach of contract and negligence case. Plaintiff Marcus Technologies, LLC asserts that based on Defendant Baton Rouge Shrimp Company, Inc. (BRSC) d/b/a Advanced Cold Storage's false representations that it was USDA certified, Plaintiff hired it to repackage and blast/flash freeze 80,000 lbs. of beef trim and deliver the meat to Plaintiff's purchaser. (*See* Doc. 61-1). Upon delivery by BRSC, the purchaser rejected the product because the containers were not marked with the USDA seal and therefore the meat could not be sold for human consumption. (*Id.*). After the product was returned at Plaintiff's expense, Plaintiff paid the outstanding invoices to BRSC so that the meat could be sold as pet food before it became worthless. (*Id.*). Plaintiff's original purchaser would have paid $149,356.05. (*Id.*). Instead, because of BRSC's error, Plaintiff had to sell the meat for $56,513.00. (*Id.*). Plaintiff sued BRSC for breach of contract, negligence, and several claims in the alternative. (Doc. 30). Now before the Court is Plaintiff's **Motion for Summary Judgment (Doc. 61)** against BRSC. The Motion is unopposed. (*See* Doc. 76).

The Court may grant summary judgment only "if the movant shows that there

is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). When summary judgment is unopposed, "[t]he movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995) (citing *Hibernia Nat'l Bank v. Administracion Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985)). In this District, however, the failure to file an opposition requires the Court to deem the moving party's statements of uncontested material facts admitted. *See* M.D. La. LR 56(f).

Breach of contract in Louisiana requires an obligation to perform, a failure to so perform, and damages.[1] *JMF Med., LLC v. Team Health, LLC*, 490 F. Supp. 3d 947, 973 (M.D. La. 2020) (*quoting Denham Homes, L.L.C. v. Teche Federal Bank*, 14-1576 (La. App. 1 Cir. 9/18/15), 182 So.3d 108, 118). Here, the uncontroverted facts establish that BRSC breached its contract with Plaintiff when it failed to maintain the required USDA certification, resulting in damages to Plaintiff. Plaintiff is therefore entitled to judgment as a matter of law on its contract claim.

Negligence in Louisiana requires a duty to conform conduct to a specific

---

[1] When considering a breach of contract claim, federal courts use state law. *See Gulf Eng'g Co., LLC. v. Dow Chem. Co.*, 334 F.Supp.3d 804, 807 (M.D. La.2018) (*citing Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1996)).

standard, an injury legally and factually caused by failure to do so, and damages.[2] *Babin v. Dollar Gen.*, CV 18-00106, 2020 WL 1811351, at *1 (M.D. La. Apr. 8, 2020) (*citing Audler v. CBC Innovis Inc.*, 519 F.3d 239, 249 (5th Cir. 2008)) (Jackson, J.). Here, the uncontroverted facts establish that BRSC had a duty to conform its conduct to USDA standards based on its representations that it was USDA certified; it failed to conform its conduct to those standards; and that such failure was a cause in fact and legal cause of Plaintiff's injury. Plaintiff is therefore entitled to judgment as a matter of law on its negligence claim.

Under Louisiana law, damages must be proved with legal certainty. *Pinero v. Jackson Hewitt Tax Serv. Inc.*, 594 F. Supp. 2d 710, 715 (E.D. La. 2009) (*citing F.D.I.C. v. Barton*, 233 F.3d 859, 864 (5th Cir. 2000). On both claims, Plaintiff is entitled to the difference in the sale of the meat—$92,842.95; the shipping charges for receiving and returning the meat—$10,550.00; and the cost of having the meat denatured by BRSC—$17,211.49, for a total of $120,604.44. (*See* Doc. 61-1). Plaintiff is not entitled, of course, to recover these damages twice. *See Albert v. Farm Bureau Ins. Co.*, 2005-2496 (La. 10/17/06), 940 So. 2d 620, 622 ("[W]e begin from the well-settled premise that Louisiana law does not allow for double recovery of the same element of damages.").

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Summary Judgment** be and is hereby **GRANTED**. Defendant Baton Rouge Shrimp Company, Inc. d/b/a Advanced

---

[2] When considering a negligence claim, federal courts use state law. *See Jesco Const. Corp. v. NationsBank Corp.*, 278 F.3d 444, 447 (5th Cir. 2001).

Cold Storage owes Plaintiff $120,604.44 plus interest from the date of judicial demand.

Judgment will enter separately.

Baton Rouge, Louisiana, this 20th day of December, 2023

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

4